**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| TRUSTEES OF THE PAINTERS UNION DEPOSIT FUND, a voluntary unincorporated trust, | Case No. Hon. |
| Plaintiff, | |
| -vs- | |
| BONDHARD, LLC, A Michigan limited liability company, | |
| Defendants. | |

_____/

MARK MERLANTI (P35804)
FINKEL WHITEFIELD SELIK
Attorneys for Plaintiff
32300 Northwestern Highway, #200
Farmington Hills, Michigan 48334-1567
248/855-6500
_____/

## **COMPLAINT**

Plaintiff, by and through its attorneys, FINKEL WHITEFIELD SELIK, complains against Defendant as follows:

1)   Plaintiff is a voluntary, unincorporated trust, having its principal place of business in Southfield, Oakland County, Michigan.

2)   Defendant, Bondhard, LLC, is a Michigan limited liability company with its principal place of business and/or registered office at 505 Chandler St., Apartment

104, Howell, MI 48855, its Resident Agent is AJ Arreguin and is an employer in an industry affecting commerce within the meaning of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. 185 (hereinafter "the Act").

3) Jurisdiction of this Court is predicated on Section 301 of the Act, this being a suit for violation of a contract between an employer and labor organization representing employees in an industry affecting interstate commerce.  Jurisdiction of this Court is further predicated on Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. 1132, 1145 (hereinafter "ERISA"), this being a civil suit on behalf of named fiduciaries to enforce Defendants' obligations under the terms and conditions of a certain collective bargaining agreement and pension and employee benefit plan documents, and to enjoin certain acts and practices of Defendant which violate the terms and conditions thereof.

4) On or about November 5, 2018, Defendant entered into an Agreement Form with Painters District Council 1M of the International Brotherhood of Painters and Allied Trades (AFL-CIO), hereinafter "the Painters Union". A copy of that Agreement Form is attached and incorporated as **Exhibit A**.  The Agreement Form requires that the Defendant comply with the various conditions of the most current labor agreement between Michigan Union Constr. (Contractors) Association (Labor Agreement), a copy of which is attached and incorporated as **Exhibit B**. The Agreement Form and the Labor Agreement are collectively referenced as the Agreement.

5) Under the Agreement, Defendant became obligated to make periodic payments to Plaintiff for various employee benefit funds established under the Agreement. These payments represented a portion of wages earned by the employees of Defendant who are members of the Painters Union, and who work within the jurisdiction of the Painters Union.

6) Pursuant to the Agreement, Plaintiff is a collection fund created to coordinate the activities of the various employee benefit funds on behalf of the Painters Union, including, but not limited to the collection of contributions thereto and the prosecution of delinquencies. Plaintiff is a third-party beneficiary of the Agreement.

7) The Agreement and employee benefit fund trust agreements, adopted by reference therein, require the Defendant to submit monthly reports which indicate the amount of contributions that said Defendant is obligated to pay, and further require that all payments to the various fringe benefit funds be made on a timely basis. Said Agreement further provides for the assessment of liquidated damages in the event payment is not made on a timely basis.

8) Pursuant to Article XX, Section 2 of the Agreement, Defendant is required to submit its payroll records to Plaintiff for audit to ascertain whether Defendant has complied with its obligation under the Agreement to pay fringe benefit contributions.

9) Pursuant to Article XX, Section 2 of the Agreement, Defendant is also required to submit any and all of its books, records, accounts, ledgers and records of

original entry to Plaintiff for audit if ordered to do so by Plaintiff's Board of Trustees or its representatives.

10)   Plaintiff has notified Defendant of its request to audit the books and records of Defendant, pursuant to Article XX, Section 2.  The period to be covered by the audit is November 2018 to the date of completion of the audit.

11)   Although Plaintiff has repeatedly requested access to Defendant's books and records for the purpose of conducting a payroll audit, Defendant has failed to comply with Plaintiff's requests and has otherwise refused to permit Plaintiff to conduct the requested audit as Plaintiff is authorized to do under the Agreement.

12)   In the absence of the requested audit, Plaintiff is unable to determine whether Defendant is indebted to Plaintiff for fringe benefit contributions and liquidated damages regarding the period to be covered by the requested audit.  The total amount of fringe benefit contributions which may be owed to Plaintiff for this period cannot be determined because Defendant refuses to submit the company books and records for review by a representative of Plaintiff.

13)   The Defendant has failed to comply with the applicable provisions of the Agreement, relating to the submission of its books and records for audit and potentially, the payment of fringe benefit contributions.

14)   Defendant's persistent flaunting of its contractual and statutory obligations to submit to the requested audit in a timely manner constitutes willful dereliction of

Defendant's obligations. Such dereliction has caused and will continue to cause irreparable injury to the participants and beneficiaries of the Funds, through jeopardizing their rights to benefits necessary to their health and well-being to which those beneficiaries are entitled.

15) The actions of Defendant described above, if applicable, threaten and continue to threaten the financial integrity of the Funds and impair their capacity to formulate funding standards, as well as cause the Funds to lose the monetary benefit of investment income which could be realized if Defendant's fringe benefit contributions were remitted in a timely fashion.

16) The actions of Defendant described above, if applicable, constitute actual threats of irreparable injury to the Funds and their participants and beneficiaries for which there is no adequate remedy at law, and public policy supports enjoining Defendant's activities.

17) The Funds have diligently requested Defendant to comply with its obligations, including the submission of its records for audit, so as not to impair the rights of the Funds and their participants and beneficiaries, but Defendant continues to violate its contractual and statutory obligations to the detriment of the Funds and their participants and beneficiaries.

18) Under Section 502 of ERISA, 29 U.S.C. 1132, when the trustees of multiemployer fringe benefit funds obtain a judgment in favor of the funds in litigation

to collect unpaid contributions, the Court shall award the greater of interest or liquidated damages provided for by the funds, in an amount not be exceed twenty percent of the unpaid contributions.

19) Under Section 502 of ERISA, 29 U.S.C. 1132, when the trustees of multiemployer fringe benefit funds obtain a judgment in favor of the funds in litigation to collect unpaid contributions, "the court shall award . . . reasonable attorney fees and costs of the action, to be paid by the defendant", as well as interest on the unpaid contributions pursuant to statute.

20) Defendant may have engaged in a pattern of fraud to avoid paying required fringe benefit contributions to the Funds, and engaged in misconduct which includes converting money paid to Defendant for the purpose of paying fringe benefit contributions to the Funds, retaining money required to be held in trust under the Michigan Builders Trust Fund Act, M.C.L.A. 570.151-53 for the benefit of Defendant's employees, withholding money from employee wages for transfer to the Funds but failing to do so, failing to submit monthly reports containing information about work performed by Defendant's employees and intentionally engaging in a scheme to deprive the Funds of money owing to them.

WHEREFORE, Plaintiff prays:

A. That this Court order Defendant to produce its books and records forthwith for a payroll audit;

B. That this Court enter judgment against Defendant and in favor of Plaintiff in the amounts that are determined to be the correct amounts owing by Defendant, plus interest for any delinquent monthly contribution(s), any applicable liquidated damages, as well as the costs and attorney fees incurred by Plaintiff in the preparation, institution and prosecution of this proceeding;

C. That this Court decree specific performance of the trust provision and collective bargaining agreement obligations of Defendant;

D. That this Court grant such other and further relief as may be deemed appropriate.

Dated: January 30, 2020                    FINKEL WHITEFIELD SELIK

                                                            */s/ Mark Merlanti*

                                                            _____
                                                            MARK MERLANTI (P35804)
                                                            Attorneys for Plaintiff
                                                            32300 Northwestern, Suite 200
                                                            Farmington Hills, MI 48334-1567
                                                            (248) 855-6500
                                                            mmerlanti@fwslaw.com